UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALLY KIM,**<br><br>　　　　**Plaintiff,**<br><br>　vs.<br><br>**KASHU, LLC d/b/a Nori Nori and KIE SAN LEE,**<br><br><br>　　　　**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Ally Kim herein asserts a claim against Defendants Kashu, LLC d/b/a Nori Nori and Kie San Lee, showing the Court as follows:

## INTRODUCTION

1.

This is a wage and hour case. Defendants employed Plaintiff as a server in Defendants' restaurant from October 2, 2016 through and until February 28, 2018 (hereafter "the Relevant Time Period"). During her employment, Defendants required Plaintiff and other tipped employees to pay a portion of their tips that was equivalent to a percentage of their daily sales to Defendants' customers into a purported tip pool. In reality Defendants retained all or some of the monies that

Plaintiff and other tipped employees were required to contribute. Defendants also manipulated the time records of Plaintiff and other employees to deduct time worked immediately before the beginning and immediately after end of numerous scheduled shifts, despite the fact that the such work was performed with the Defendants knowledge and consent.

**JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district, all the events giving rise to the claims herein arose in this judicial district, and the individual Defendant resides within this judicial district.

**PARTIES**

4.

Plaintiff is a natural person residing in Gwinnett County, Georgia.

5.

Defendant Kashu, LLC d/b/a Nori Nori (hereafter "Kashu") is a domestic limited liability company existing under the laws of the State of Georgia and maintains its principal office in Fulton County, Georgia.

6.

Kashu may be served with process via service on its registered agent Kie San Lee at 6690 Roswell Road, Suite 2110, Sandy Springs, GA 30328.

7.

Kashu is subject to the personal jurisdiction of this Court.

8.

Defendant Kie San Lee (hereafter "Lee") is a natural person and may be served with process at his residence in Fulton County, Georgia, or wherever he may be found.

9.

Lee is subject to the personal jurisdiction of this Court.

**ENTERPRISE COVERAGE UNDER THE FLSA**

10.

At all times during the Relevant Time Period, two more employees of Kashu used or handled the following items that moved in interstate commerce and that are

necessary for performing its commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, and paper products.

11.

In 2016, Kashu had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

In 2017, Kashu had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

In 2018, Kashu had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

At all times during 2016, Kashu had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

At all times during 2017, Kashu had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

At all times during 2018, Kashu had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

At all times during 2016, Kashu had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

At all times during 2017, Kashu had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

At all times during 2018, Kashu had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

At all times during 2016, Kashu was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

At all times during 2017, Kashu was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

At all times during 2018, Kashu was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**CORPORATE EMPLOYER UNDER THE FLSA**

23.

At all times during the Relevant Time Period, Defendants owned and operated a restaurant in Sandy Springs, Fulton County, Georgia under the trade name Nori Nori.

24.

Plaintiff worked as a server at Nori Nori from approximately October 1, 2016 through and until February 28, 2018.

25.

At all times during the Relevant Time Period, Plaintiff has been an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her work as a server at Nori Nori as a matter of economic reality.

26.

At all times during the Relevant Time Period, Kashu has been Plaintiff's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

**INDIVIDUAL EMPLOYER UNDER THE FLSA**

27.

At all times during the Relevant Time Period, Lee acted directly or indirectly in the interest of Kashu in his interactions with Plaintiff.

28.

At all times during the Relevant Time Period, Lee controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

29.

Lee was and is the founding member of Kashu.

30.

At all times during the Relevant Time Period, Kashu has vested Lee with the highest-level management authority at Nori Nori.

31.

At all times during the Relevant Time Period, Lee exercised authority and control over the finances and operations of Kashu.

32.

At all times during the Relevant Time Period, Lee exercised managerial authority and control over the day-to-day business of Kashu, including supervision of Plaintiff and other servers, bartenders, chefs, and other restaurant staff.

33.

At all times during the Relevant Time Period, Lee determined the pay rate and the method of pay for Plaintiff and other Nori Nori restaurant staff.

34.

At all times during the Relevant Time Period, Lee had authority and control over the Fair Labor Standards Act violations complained of herein.

35.

At all times during the Relevant Time Period, Lee has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FLSA VIOLATIONS**

36.

At all times during the Relevant Time Period, Defendants deducted a tip credit from Plaintiff's compensation resulting in Plaintiff receiving effective hourly rates of either $2.13 or $5.00 depending on the type of work performed.

37.

Defendants failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

38.

At all times during the Relevant Time Period, Defendants required Plaintiff and other tipped Nori Nori employees as a condition of employment to pay Defendants a portion of the tips they received that was equivalent to a percentage of the sales they made to Defendants' customers.

39.

At all times during the Relevant Time Period, at the end of each shift she worked, Plaintiff paid Defendants a portion of her tips that was equivalent to a percentage of her sales to Defendants' customers.

40.

The fees paid by Plaintiff to Defendants were "kickbacks" within the meaning of 29 C.F.R. § 531.35.

41.

The fees paid by Plaintiff to Defendants were in violation of the FLSA's requirement that minimum and overtime wages be paid "free and clear."

42.

At all times during the Relevant Time Period, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

43.

In each workweek during the Relevant Time Period, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

44.

Throughout Plaintiff's employment, Defendants altered Plaintiff's time records without Plaintiff's knowledge to truncate her hours worked.

45.

In numerous workweeks throughout her employment, Plaintiff worked in excess of 40 hours per week.

46.

Defendants' practice of altering Plaintiff's time records and truncating her hours worked frequently resulted in failure to pay Plaintiff for many hours worked, including hours worked in excess of 40 hours per week.

47.

In each applicable workweek, Defendants failed to compensate Plaintiff at or above one-and-one-half times her regular rate (*i.e.,* the minimum wage) for time worked in excess of 40 hours per workweek.

**GOOD FAITH**

48.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they required her to kick back a portion of her wages to Defendants.

49.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they failed to notify Plaintiff of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

50.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they falsified Plaintiff's time records and truncated her compensated work hours.

51.

Defendants have not relied on any letter ruling from the Department of Labor indicating that any of the above-described practices are permitted under the FLSA.

52.

Defendants have not relied on any legal advice indicating that any of the above-described practices are permitted under the FLSA.

53.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

54.

Defendants' failure to compensate Plaintiff at no less than one-and-one-half times her regular hourly rate during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

55.

On information and belief, the exact workweeks in which Plaintiff worked in excess of 40 hours per week without receiving proper compensation can be determined upon examination and analysis of Defendants' electronically stored time records.

## CLAIMS FOR RELIEF

## COUNT ONE
## VIOLATION OF 29 U.S.C. §§ 206 AND 215 (MIMINIMUM WAGE)

56.

At all times during the Relevant Time Period, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

57.

At all times during the Relevant Time Period, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

58.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

59.

At all times during the Relevant Time Period, Defendants required Plaintiff to pay kickbacks to Defendants in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.35.

60.

At all times during the Relevant Time Period, Defendants willfully required Plaintiff to pay kickbacks to Defendants in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.35.

61.

At all times during the Relevant Time Period failed to compensate Plaintiff for all time worked.

62.

At all times during the Relevant Time Period willfully failed to compensate Plaintiff for all time worked.

63.

Defendants are jointly and severally liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

64.

Defendants are also jointly and severally liable to Plaintiff for the full value of all kickbacks that Defendants required Plaintiff was required to pay them.

65.

Because to the willfulness of Defendants FLSA violations, Defendants are also jointly and severally liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

Defendants are also jointly and severally liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT TWO - VIOLATION OF 29 U.S.C. §§ 207 AND 215 (OVERTIME WAGES)

67.

At all times during the Relevant Time Period, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

In numerous workweeks during the Relevant Time Period, Defendants failed to compensate Plaintiff at an one-and-one-half times her regular rate for all time worked in excess of 40 hours per week as required by the FLSA.

69.

In numerous workweeks during the Relevant Time Period, Defendants willfully failed to compensate Plaintiff at an one-and-one-half times her regular rate for all time worked in excess of 40 hours per week as required by the FLSA.

70.

Defendants are jointly and severally liable to Plaintiff for all unpaid overtime compensation Plaintiff earned during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

71.

Defendants are also jointly and severally liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

Defendants are also jointly and severally liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests that this Court:

1. Take jurisdiction of this matter;

2. Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

3. Issue a judgment declaring that Plaintiff was covered by the minimum wage and maximum hour provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

4. Award Plaintiff all unpaid minimum wages for each hour worked during the Relevant Time Period and liquidated damages equaling 100% of the unpaid minimum wages;

5. Award Plaintiff all unpaid overtime wages for each hour worked in excess of 40 hours per week during the Relevant Time Period and liquidated damages equaling 100% of the unpaid overtime wages;

6. Award Plaintiff the amount of all kickbacks that Defendants required Plaintiff to pay during the Relevant Time Period, and liquidated damages thereon;

7. Award Plaintiff pre-judgment interest on all amounts owed to the extent that liquidated damages are not awarded;

8. Award Plaintiff nominal damages;

9. Award Plaintiff her costs of litigation, including her reasonable attorney's fees;

10. Award any and such other further relief this Court deems just, equitable, and proper.

Respectfully submitted,

                                                **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                                */s/ Kevin D. Fitzpatrick, Jr.*

| | |
|---|---|
| 3100 Centennial Tower | Kevin D. Fitzpatrick, Jr. |
| 101 Marietta Street, NW | Georgia Bar No. 262375 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 Telephone | Georgia Bar No. 275411 |
| (404) 979-3170 Facsimile | |
| kevin.fitzpatrick@dcbflegal.com | ATTORNEYS FOR PLAINTIFF |
| matthew.herrington@dcbflegal.com | |