# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into this 10th day of August 2020, by, among and between **Ally Kim** (**"Kim"**), and **Kashu, LLC d/b/a Nori Nori,** and **Kie San Lee** (jointly referred to as the "Defendants") (Kim and the Defendants are collectively referred to herein as the "Parties"). "Kim" shall refer to Ally Kim in her individual capacity, along with her respective heirs, agents, attorneys, representatives, predecessors, successors and/or assigns. "Defendants" inclusively shall refer to Kashu, LLC d//b/a Nori Nori and Kie San Lee, along with its respective officers, members, managers, partners, heirs, agents, attorneys, representatives, successors and/or assigns. It is the express intent of the Parties to bind their assigns and successors to the terms of this Settlement Agreement and Release.

WHEREAS, on or about July 17, 2018, Kim filed a lawsuit against Defendants in the Northern District of Georgia captioned Ally Kim v. Kashu, LLC d/b/a Nori Nori, Civil Action File No. 1-18-cv-03447 (the "Lawsuit"), in which Kim alleged violations of the Fair Labor Standard Act (FLSA), 29 U.S.C. §§201 *et seq*;

WHEREAS, Defendants filed a timely answer and denied that it was liable to Kim pursuant to the Lawsuit;

WHEREAS, the Parties desire to resolve any and all claims and/or potential disputes arising from or relating to the Lawsuit;

WHEREAS, the Parties, have reached agreement to resolve all matters related to the Lawsuit,

NOW, THEREFORE, in consideration for the mutual promises and covenants contained herein, the Parties hereby agree as follows:

1. **Payment by Defendants.** Defendants through Kashu, LLC tender the sum of Thirty Thousand Dollars ($30,000.00) ("Settlement Payment") to Kim as full and final settlement of any and all claims that Kim may have against Defendants in connection with Lawsuit. The payment will be made to Kevin D. Fitzpatrick, Jr., Attorney at Law IOLTA within 30 days of July 22, 2020 and shall be allocated as $9,750.00 to Ally Kim and $20,250.00 as attorneys' fees and costs. Payment shall be held in trust until all conditions are met by the parties and final Court approval of the settlement.

2. **Release of Defendants by Kim.** In consideration of the receipt of the Settlement Payment referenced in Paragraph 1 above and for other valuable consideration set forth herein, Kim, her respective successors, heirs, agents, representatives, assigns, and any and all other persons claiming by, through, or under her ("Releasors") hereby release(s), waive(s), and forever discharge

Defendants, its respective agents, predecessors, successors, assigns, assignees, insurers, attorneys, and any other agent acting or purporting to act on its behalf ("Releasees") from any and all claims, civil and/or criminal, injuries, charges, breaches, complaints, claims, expenses, liabilities, obligations, demands actions, causes of action, suits, rights, debts, dues, sums of money, accounts, reckonings, contracts, controversies, torts, agreements, promises, variances, trespasses, damages (including, but not limited to, statutory, compensatory, punitive and exemplary damages), judgments, costs and attorney's fees, executions or any other right or asserted right to the payment of money, including, but not limited to amounts claimed in the Lawsuit, whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, known or unknown, suspected or unsuspected, express or implied, legal or equitable, now existing or hereafter arising, that arise out of or relate to the Lawsuit from the beginning of time to the date and execution of this Settlement Agreement.

3. **Release of Kim by Defendants.** In consideration of the release by Kim and for other valuable consideration set forth herein, Defendants, their respective successors, agents, representatives, assigns, and any and all other persons claiming by, through, or under same ("Releasors") hereby release(s),

waive(s), and forever discharges Kim, her respective agents, assigns, assignees, attorneys, and any other agent acting or purporting to act on her behalf ("Releasees") from any and all claims, civil and/or criminal, injuries, charges, breaches, complaints, claims, expenses, liabilities, obligations, demands actions, causes of action, suits, rights, debts, dues, sums of money, accounts, reckonings, contracts, controversies, torts, agreements, promises, variances, trespasses, damages (including, but not limited to, statutory, compensatory, punitive and exemplary damages), judgments, costs and attorney's fees, executions or any other right or asserted right to the payment of money, including, but not limited to amounts claimed in the Lawsuit, whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, known or unknown, suspected or unsuspected, express or implied, legal or equitable, now existing or hereafter arising, that arise out of or relate to the Lawsuit from the beginning of time to the date and execution of this Settlement Agreement.

4. **<u>Mutual Non-disparagement.</u>** Kim agrees not to make any derogatory or adverse statements, written or verbal, regarding the Defendants or any of its/their present or former heirs, representatives, directors, officers, or employees, to anyone. Defendants agree not to make derogatory or adverse statements regarding Kim and will respond to any employment reference by

4

stating the neutral policy of confirming dates of employment and position only.

5. **Severability.** The invalidity of any part of this Settlement Agreement shall have no effect on the validity or enforceability of any other part and shall not invalidate the remainder of the Settlement Agreement or the other provisions herein.

6. **Attorneys' Fees and Costs of Litigation.** The Parties shall bear their own expenses, costs, and attorneys' fees, unless otherwise specified herein, related in any way to the Settlement Agreement and anything else encompassed by or referred to in this Settlement Agreement.

7. **Dismissal with Prejudice.** Within five (5) days of receipt of the consideration set forth in Paragraph 1 above, the Kim's counsel will prepare and file a Joint Stipulation of Dismissal With Prejudice in the Lawsuit.

8. **Court Approval Required.** As required by law, the Parties agree to submit this Agreement to the Court for judicial review and approval. The Parties will therein request that the Court incorporate this Agreement into its Order approving it and retain jurisdiction thereafter to enforce it. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

9. **Representations and Warranties.** The Parties acknowledge that they have read this Settlement Agreement, that they fully understand its content and that they have executed this Settlement Agreement voluntarily and knowingly, and that they have had the opportunity to consult with legal counsel of their own choosing. The Parties specifically warrant that this Settlement Agreement is executed without reliance upon any statement or representation by any other party hereto, except as otherwise set forth herein. Because this Settlement Agreement is the result of the joint effort of the Parties to amicably resolve the claims between them, and the Parties have had the benefit of, or opportunity to seek independent counsel of their choice, it should not be construed more strictly against any one party.

The Parties warrant and represent that, as of the effective date of the Settlement Agreement, they are the owners of all claims relating to or arising from the Lawsuit. The Parties further warrant and represent they possess the sole right to assert claims relating to the subject matters contained herein and that they have not assigned or conveyed the claims released in this Settlement Agreement, that such claims are free and clear of any liens or encumbrances, and that they possess full authority to release such claims.

10. **Prevailing Party**. In the event of a breach of any of the terms of the Agreement by either or both Kim or Defendants, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

11. **Entire Agreement.** The Parties agree that this Settlement Agreement contains the entire agreement and understanding with respect to the Lawsuit, and that this Settlement Agreement supersedes and replaces all prior negotiations, representations, or agreements. The terms of this Settlement Agreement are contractual, are not merely recitals, and are intended to resolve disputed claims. This Settlement Agreement may not be amended or modified except in a writing signed by the Parties.

12. **Execution and Counterparts.** This Settlement Agreement is, for convenience, being executed by the Parties in multiple originals, each of which contains the entire agreement of the Parties and is intended to be and, upon assembly of the multiple counterparts, shall be deemed valid and binding as its counterpart originals. This Settlement Agreement may be executed by facsimile signature.

13. **Captions and Headings.** The captions and headings within this Settlement Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any provision of this Settlement Agreement.

14. **Governing Law.** This Settlement Agreement is made under and shall in all respects be governed, construed, and interpreted by and in accordance with the laws of the State of Georgia.

15. **Electronic Copies**. The Parties agree that this *Agreement*, including signatures on this *Agreement*, shall be deemed original and enforceable regardless of the format upon which one or more provisions of this *Agreement* or one or more signatures on this *Agreement* are created or received, including, but not limited to, original written copies, printed copies, or copies of signatures provided electronically by analog, digital, electronic, magnetic, mechanical, optical, chemical, electromagnetic, electromechanical, electrochemical, or other similar means as sent by mail, courier, delivery service, facsimile, telegraph, Internet, or other similar means.

**IN WITNESS WHEREOF**, Kim and Defendants, intending to be legally bound, have duly executed this Settlement Agreement on the date(s) set forth below.

**ALLY KIM**

_____[SEAL]
Ally Kim
Dated: August ____, 2020


For **KASHU LLC d/b/a Nori Nori**

*ken lee (Manager of kashu, LLC)* [SEAL]
By: Kie S. Lee as Managing Member of Kashu, LLC
Dated: August ____, 2020


**KIE SAN LEE**

*KEN LEE* [SEAL]
Kie San Lee,
Dated: August ____, 2020

**IN WITNESS WHEREOF**, Kim and Defendants, intending to be legally bound, have duly executed this Settlement Agreement on the date(s) set forth below.

**ALLY KIM**

_____/s/ Ally Kim_____[SEAL]
Ally Kim
Dated: August 11, 2020

For **KASHU LLC d/b/a Nori Nori**

_____[SEAL]
By: Kie S. Lee as Managing Member of Kashu, LLC
Dated: August ____, 2020

**KIE SAN LEE**

_____[SEAL]
Kie San Lee,
Dated: August ____, 2020

9